Now, if everyone's ready, I'll call the second case, which is Mycroft v. Cumbess and Ms. Pope. Good morning, Your Honors. May it please the Court. Jeremy Pope for Appellant, Mycroft, LLC. The lower courts aired when they interpreted 11 U.S.C. section 3- Could you speak up a little bit? This is Judge Carnes. I can barely hear you. I'm sorry, Your Honor. The lower courts aired when they interpreted 11 U.S.C. sections 365-P1 and 3 to create personal lease assumption by the debtor separate from the estate in Chapter 13 and to apply such personal lease assumption to the method of assumption found in nearly every Chapter 13 case solely through the confirmed plan. The Supreme Court has stated that a change to establish bankruptcy practice may only come from a clear congressional mandate, and the wording of 365-P1 and 3 falls short of this standard. In fact, neither section even mentions personal lease assumption by the debtor, which in any event would severely undermine the lower court's interpretation, but in this instance is fatal because in 365-P2, which was added to the code at the same time as sections P1 and P3… Congress did explicitly create a process for personal lease assumption in Chapter 7 and specified that under such process, the lease liability is assumed by the debtor and not the estate. If Congress had wanted the same result in Chapter 13, it would have enacted statutory language providing for it just as it did for Chapter 7 in 365-P2. Accordingly, my cross-lease was pursuant to common established practice assumed by the estate through the confirmed plan. In following confirmation, the lease remained part of the estate. The legal meaning of assumption is consistent with the plain English. The assuming party takes over all of the rights and responsibilities, all of the benefits and burdens of the assumed contract. Counselor, this is Judge Carnes. I think I've given you two minutes to set out the outline. I have, before we get into the law, just some basic practical questions, a little tutorial for me on what all this means in real terms might help me give some context to what we're looking at here. If the trustee had accepted the lease as part of the estate and the debtor had ceased paying, what would have happened at that point, I guess, is that that would have been considered this term administrative fees and the trustee would have been empowered to require that the debtor pay that amount to you each month. Is that accurate? Yes, Your Honor. All right, and so that didn't happen. So at this point, then, because he didn't pay the fee, if he hadn't paid the fee, what would happen? Would the plan have gone belly up? What would the trustee's powers have been if he did not pay you the fee, if it was something the trustee had reserved? If the payment was being paid direct, Your Honor? I'm saying, what if he didn't pay? What if the trustee had kept this and said, hey, you've got to pay your monthly air conditioning lease bill, and he didn't pay it, what would have happened? Well, the lessor, I believe, could move for dismissal of the case for noncompliance of material provision of the plan, and the trustee could do the same. Or, consistent with what was asked for in this case, the lessor could motion to court for an administrative expense claim since the lease payments are an actual necessary cost of preserving the estate. But my understanding is this is not something the trustee forgot to do or didn't write it down, that you all had actually asked that the trustee take this act, and the trustee made a decision that, no, there's some things that are higher priority, taxes, child support, those kind of things, that I will consider as administrative fees, but that for this, it doesn't enhance the estate for all the creditors to include your lease payments. Am I correct? That was an affirmative decision made by the trustee, correct? The trustee's argument seems to be, I don't know about maintaining payments for tax liabilities. There is an argument from the trustee about payments to other creditors and how they may be affected by the grant of an administrative expense. However, the trustee has various powers to deal with that, and that's how this has been handled in a multitude of other cases. And the trustee is empowered to make those decisions, sort of to prioritize some creditors over another? No, Your Honor. The priority is set out in the code and in the confirmed plan. I'm unaware of any... Your priority should have been of the same level as those others? Correct. That is through the rights vested in the plan confirmation process and in the code sections that apply. And one last practical question. If you lose here, you can still go back and rip the HVAC unit out, right? It's yours if you want to do that. The unit would still belong to the lessor, yes, Your Honor. No title has passed to the lessee under any authority that I'm aware of, just by virtue of the lease being assumed by the bankruptcy estate. And you would also be able to sue for the payments going forward that he had not made after the confirmation of the plan, correct? Well, a chapter 13, Your Honor, being multiple years, even if the claim does survive and the lessor is able to assert some claim years down the road… I'm not consistent with assumption where the assuming party is able to realize the benefits at the present time and then only potentially pay the amounts that are owed years and years down the road if the claim is even able to be asserted at that point. Thank you for answering my practical question. Okay, I'm sorry to jump in, but I've got a legal question. In P1, in your interpretation of P1, what do the words by the trustee mean and do? The words by the trustee in P1 refer in chapter 13 to the plan. By the trustee means something other than by the trustee? Yes, Your Honor, in chapter 13 practice. You'll have to unpack that for me because I certainly understand your point that if Congress is going to walk away from established chapter 13 practice, it needs to do so clearly. But I don't really understand why by the trustee isn't clear. For three reasons, Your Honor. Some entity had to assume. Obviously, there was an assumption. It's either the estate or, as the lower court held, the debtor personally. If it was the debtor personally, that represents a sea change in chapter 13 practice. And Congress showed us how they would have affected that through P2. They would have said clearly under this provision, the lease liability is borne by the debtor and not by the estate, just as they said in P2. They might have said the same thing in P1 and P2 using slightly different language. But what you're asking us to hold is that the words by the trustee don't mean by the trustee. They mean by the debtor. Well, Your Honor, in 365, trustee is the term that is used repeatedly. But for decades, it's been interpreted in chapter 13 to apply to the plan by virtue of 1322B7, which says that the plan may, subject to 365, provide for the assumption of the lease. So, for example, 365A has the requirement that the trustee can assume after court approval. That is consistently interpreted universally in chapter 13 to be satisfied by the confirmation hearing. Likewise, 365B1C requires explicitly that the trustee provide adequate assurance of future performance. But universally in chapter 13, that's held to be satisfied by the plan providing for assumption of the lease. So, is your position the same with respect to D2, which I think says, under chapter 13, the trustee may assume or reject an unexpired lease of residential real property or personal property. There, likewise, the trustee means something else? Exactly, and that is the Jack case that we cited where, to show the way this is interpreted in chapter 13, the lesser in that case moved for a shortening of the time for assumption or rejection under 365D, the very timing provision at issue here. And the court ordered that the debtor modify the plan to either assume or reject the lease. That is how the phrase trustee in 365 is utilized in chapter 13 because of 1322B7, making lease assumption in the plan subject to 365, consistent, let's say, with 365, but yet the requirement framework of 365 is sort of utilized in the chapter 13 plan confirmation process. Counsel, two-minute warning. The other reasons why P1 should be interpreted to be referring to plan instead of trustee specifically is if we look at P3, we see that what Congress' intentions were with regards specifically to personal property leases in chapter 13. P3 states that if the lease is not assumed in the plan confirmed by the court, the lease is deemed rejected, and the stay terminates. I believe it logically follows that Congress' intent was that if the lease is assumed in the plan confirmed by the court, the stay doesn't terminate, and the lease doesn't leave the state. I'm sorry, this is Judge Newsom. I've got to interject, and I'm not trying to show off here. In fact, I had to look this up, but it struck me that that doesn't logically follow. And in fact, I think it's like a standard logical error. And again, I had to look it up, but it's called denying the antecedent. It doesn't follow that sort of if A, then B, if not A, then not B. The logic doesn't work that way. I agree, Your Honor, that it doesn't have to follow, but I believe that when you're looking at the plain English of the statute and utilizing it in the context of decades of chapter 13 practice, that it's clear what the intent was. Because leases are only assumed in the plan in chapter 13, I think we would struggle to find even very isolated cases where these motions are filed in advance of confirmation. The reason being in 2018, over 55,000 chapter 13 cases were filed in the 11th circuit. So to have a process where for the estate to assume – I'm sorry, I'm out of time, Your Honor. Would you like me to stop? Yeah, just finish up with your thought, and then I will hear from you on rebuttal. So to have a process – So 55,000 in chapter 13. That's what my numbers indicate in the 11th circuit alone in 2018. So to have a process where for any personal property lease – and personal property leases are ubiquitous in chapter 13. There would have to be a motion in advance in all of these 365 requirements that have traditionally been interpreted to be satisfied through plan confirmation. If they can't be satisfied consistent with this established practice through the plan confirmation process, it is a sea change. I think Congress would have explicitly laid that out knowing what it would mean in chapter 13. All right, thank you, Mr. Pitt. We'll hear from you on rebuttal. Good morning, Your Honors. This is Camille Hope, and I'm the appellee in the case. First, let me address the trustee argument in 363. Although, before I get into it, I'd like to point out that I have been a trustee since 1982. I've administered 150,000 cases in that time. There has not been a request for administrative expenses in my area since 1980, which was denied by the court under 503B, as not being necessary for the debtor's performance under the preservation of the state. And so this is the only time that came up since 1980. There is no practice about leases in chapter 13 because most people believe that they are not necessary for the preservation of state and do not ever seek administrative expense cases. I'll have to say that when this came up and I won on the 363 section, I had never even looked at that. I'd never heard it discussed at any educational thing. It just hasn't been because this thing about the leases being a big deal simply is not true. Now, on 363P, this was part of the 2005 amendments to the Bankruptcy Code, I think that Congress was trying to clean up a mess with leases passing through cases and no action being taken on them one way or another. In fact, the plan we had in the Middle District of Georgia into 2018 was silent on leases, and people neither accepted or rejected them. The new plan requirements had you put in something about leases, so there's been more activity. But by and large, people are just silent about leases in consumer areas. But there was a problem in sevens where they were passing through. They were riding through because there was some ability to not assume the lease. And if you weren't in default, then under state law, you couldn't terminate the lease. And they rode through the chapter seven discharge position. So they decided to delineate between the trustee and anything the debtor was doing, and they therefore passed 365P. And it was made to change the mechanics of the lease assumption for the trustees. And there is no way that they use trustee in 365P1 instead of debtor. Mr. Pope is confused about that. The debtor could always assume, a Chapter 13 debtor could always assume a lease under the plan, that's 1322B7. But it was subject to 365 and the fact that the lease had not been prior rejected. So when they decided to put in 363P1 that a trustee could reject the lease, then they wanted to reemphasize in P3 that the debtor could still assume despite this prior rejection. And that's what it means. It's not a mistake. It has good reason. Also, I'd like to point out that this is relatively new. In many of the cases where people were able to get defaults and leases set up as administrative expenses predate this 2005 amendment. And they also deal exclusively with cars and houses. And they are more necessary than, let's face it, we're dealing with an air conditioner here. But for years, the standard has been prior to 2005 that under 503B, the administrative awards have to be actual necessary costs of preserving the estate. 11th Circuit precedent, the Broadfoot case, which I have on page 19 of my materials, and the Colortex case, now they're not Chapter 13s because there are no Chapter 13 cases in the 11th Circuit. There is precious little discussion of leases in Chapter 13s at all. Despite the fact that since the code was enacted, millions of Chapter 13 cases have been filed. And that tells me that it's all gotten worked out some other way than dispute, by and large. But at any rate, the 11th Circuit case, when it has looked at 503B, has made it clear that that has to be carefully considered and that potential benefits to the estate are not enough. And Colortex case on page 11 of my brief says that the standard should be narrowly construed. And because of that interpretation of 503B, these leases of consumer items, I mean really, you can lease a purse. My daughter leases gowns to go to weddings. You can lease anything. And not all these leases need to be given priority. And I don't have the power. In this case, there's a plan. And the plan says that I'm supposed to pay these other creditors and that the debtor is supposed to deal with my cross directly. I'm not free to just come in there. If my cross were to get an award of an administrative expense, what am I supposed to do? Because I've got a confirmed plan that tells me where I'm supposed to get the money. And that's why Mycroft sought a modification of the plan. Because I would not have been able to pay his claim if the plan hadn't been modified. And I think we have to look at the res judicata effect of the plan. How can this come in later on? The plan was for the debtor to deal with Mycroft directly, solve his problems with Mycroft directly, and that's what should have been done. We shouldn't have had a situation where he was coming in and saying, whoops, I want to be put in front of everybody. And if he's an administrative expense, he has to go before the secured creditors and the other priority creditors. So it's a big change. But I just can't emphasize the fact that this is not a big change. And really, we deal with little problems of little people. And this is not going to cause anybody any trouble whatsoever. Most leases, all they want of consumer goods, all they want is their stuff back. Even if the debtor has leased a property, all they want is their property back. People have not, because of the narrow standard of 503B, been seeking these awards. And as I said, 365P, this was totally added in 2005. It was a completely new section. It was done in order to clear up the trustee's responsibilities in 7s and 13s and 11s from the debtor's rights and obligations. And it left the trustee with the ability to reject or failure to accept the contract, but it left the debtor with the ability to assume it. But once a trustee is out, the estate's out. The estate no longer has to backstop the expense of the debtor. And it's up to the creditor to go ahead and deal with the debtor over any subsequent defaults. Are there any questions? You know, I have a question about Judge Karnes' question, which I don't know whether you'll be able to answer. But maybe, I mean, it wouldn't be surprising that she's more familiar with the record than I am. But she said that somehow you had evaluated this lease. She can help me if I'm mischaracterizing it. And decided not to undertake it? No, I hadn't done anything. Okay. Mycroft came in. I didn't know about the confirmation, the default after confirmation. That was news to me. Nobody informed me. And I probably wouldn't have done anything about it. Mycroft filed this motion for an administrative expense and filed it before the court and asked for the plan to also be modified so I could pay that. But there was no real evaluation. I think the term, and I could be wrong, but it was the idea that it had to be necessary. It had to be necessary for the preservation of the estate, that that somehow was placing value on it. The record has no evidence on this. We don't even know what this piece of equipment is. Refer to it to HVAC. In the record or page 32, we have the contract. That says it's a heat pump condenser. I mean, really, we don't know what it is. And that was one of the things that Judge Carter mentioned, that Mycroft had the burden of proof, and they did not introduce any proof on the collateral, on the equipment. But my understanding is, and please correct me if I'm wrong, is that under the plan that's confirmed, all that you are authorized to pay, Mycroft, is that $100 arrearage that existed at the time the plan was confirmed. That's correct. Okay. That's all. You had no reason to evaluate the lease at the time because you didn't even know the terms of it. No. This is a below-means debtor, so he doesn't have any disposable income that has to be paid according to the 2005 amendments. And so we tend not to look at some of his choices, especially if they're being paid directly, because it doesn't necessarily result in any other money going to the unsecured creditors. I will say that I'm evaluating that position in light of this case because once you really look at this lease and the fact that the debtor is paying $13,000, perhaps I should be looking at these harder than I have been in the past. But the fact that they just kind of went through and no one asked for administrative expense was not on my radar. Now, if the court rules that Mycroft is entitled to this administrative expense for a default, then there will be much more fly-specking of these lease payments. How many Chapter 13 cases did you have last year yourself as trustee? Well, I am administering 6,000 currently. I have administered as many as 14,000 at the time, and I've estimated that I've administered 150,000 over the life of my career. You know, I learned something from your brief, and obviously I think I appeared in front of you, your first year as a trustee when I practiced in Macon, but I don't think I've understood that your focus is on what claims are made in the bankruptcy proceeding. You don't take it upon yourself to do an investigation of what other obligations someone may have undertaken if they're current on those obligations. Am I saying that right? Especially if it's leases, and, of course, if they have a house where they're paying a mortgage directly, we do make sure that the mortgage is properly perfected because if not, then we would be able to do a preference action and really reshuffle the debt dramatically on what was being paid. But we don't, by and large, say, well, I don't like your house. I mean, sometimes when they come in with a million-dollar payment, you would say, what are you doing? You can't pay your bills, but there's not a lot of – you have to go in and object to a plan not being in good faith. If you're upset about what they're paying outside, that's very vague. There's not a lot of standards, and the idea that we're supposed to be coming in here and saying, no, you can't rent this air conditioning, or you can't lease this particular car, it has to rise to an extreme level, and we have to go in under good faith in order to prevent a plan from being confirmed under those circumstances. It can't be done, especially an under-median debtor, a man who lives in a double-wide, works at the water authority. I mean, we're not going to go in there and say, well, you can't have this and that. I mean, your plan addresses three cars, basically. Yes, old cars. Right, right. Okay, that's all my questions. Thank you. Thank you. I'm just asking that the court deny the claim for an administrative expense. Your Honors, may I begin rebuttal? You may. A few points of interest. The assertion by the trustee that because the ongoing payments are to be made direct, the assumption is outside the estate. The arrears payments that are given by the trustee to a lesser when a lease is assumed in the plan are a clear indication that the contract overall is borne by the estate. First, in this case, for example, this is a 0% plan. So if, in fact, the lease is not assumed by the estate and it's just a side contract with the debtor, it's completely incompatible with bankruptcy law that the lessors' arrears would be cured in full and with payments by the trustee. And this is not this provision an anomaly. This is how the Model Chapter 13 plan works. The Model Chapter 13 plan says if a lease is assumed, the arrears on the lease have to be cured by trustee payments. Second, the reason for direct payments is that the lessee and the estate are not permitted to modify a lease or executory contract. It's either assumed or rejected, and it is assumed cum honore. Accordingly, the payments need to begin immediately, and Section 1326 lays out not only that the debtor is to begin making payments immediately to a lease on personal property if the lease is assumed… …but further, that the trustee is to supervise those payments and make sure they start. Or if we go to the statutory duties of the trustee in 1302, one of those duties, 1302b-5, is to ensure that the debtor commences making timely payments under 1326. And 1326 explicitly lists payments made to lessors of personal property when the property is being maintained. It's all part of one thing, and the debtor's assets all are part of the bankruptcy estate. And post-confirmation, under the 11th Circuit's Waldron case, all of the assets the debtor later assumes become part of the estate. Anytime something is in the plan, the amounts, whether it be direct or not, are coming from estate funds. And this is why also 1322b-7 states that the plan can't provide for assumption of a lease that's previously been rejected. If it was just a side arrangement between the debtor and a lessor outside of the bankruptcy case, it wouldn't make any sense for the fact that the debtor and the lessor wouldn't be able to have this assumption merely because the trustee rejected it. Counsel, your time has expired. Is there no further questions? Thank you, Your Honors. Thank you. We appreciate the presentation.